UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| CITY OF COVINGTON, KENTUCKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:24-cv-00076-GFVT |
| | ) | |
| | ) | |
| DUKE ENERGY KENTUCKY, INC., *et al.*, | ) | **OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |
| | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the City of Covington's Motion to Remand. [R. 7.] In the City's view, Duke Energy's removal of this case is improper because there is no federal question present on the face of the City's well-pleaded complaint. Instead, they contend that any federal questions that may arise are merely defenses that Duke Energy may try to assert. Because the well-pleaded complaint rule and the substantial-federal-question doctrine are not satisfied, the City's Motion to Remand **[R. 7]** is **GRANTED.**

**I**

The City of Covington brought this action in Franklin Circuit Court on November 20, 2024. [R. 1.] The City seeks a declaratory judgment related to a dispute over a perpetual right-of-way utility franchise held by Duke Energy which may conflict with an ordinance passed by the City. *Id.* In Declaration One, the count of the Complaint that Duke Energy suggests provides this Court with original jurisdiction, the City seeks a declaration as to the validity of an ordinance, Commissioner's Ordinance No. 0-10-24, which "require[es] public utilities, including providers of electricity within their boundaries, to bid for a non-exclusive franchise not to exceed 20 years." [R. 1-1 at 3, 5-10.] Duke Energy thereafter removed this case on December 31, 2024,

on the basis that this Court has original federal question jurisdiction over Declaration One, as well as supplemental jurisdiction over the remaining declarations. [R. 1 at 2-6.] Duke Energy asserts that, in order to grant the City the relief it requests in Declaration One, a court "must necessarily find that the Franchise Ordinance does not unconstitutionally impair Duke Energy's contractual entitlement to a perpetual electric right-of-way franchise in Covington under the 1882 legislative charter by the General Assembly of the Commonwealth of Kentucky at issue." *Id*. at 4. On January 28, 2025, the City filed the instant motion to remand, arguing that Duke Energy is merely raising potential federal defenses, rendering removal inappropriate. [R. 7.] On February 18, 2025, Duke Energy filed its response. [R. 9.] The City did not file a reply and the time to do so has passed. The matter is therefore ripe for review.

## II

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original federal question jurisdiction over civil actions that arise under the "Constitution, laws, or treaties" of the United States pursuant to 28 U.S.C. § 1331. This Court also has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between parties who are "citizens of different States." *See* 28 U.S.C. § 1332(a). Federal courts are courts of limited jurisdiction, and therefore any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party

filed the notice of removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

In this case, removal was predicated on federal question jurisdiction over Declaration One of the City's Complaint and supplemental jurisdiction over Declarations Two through Six. [R. 1 at 2-7.] In Duke Energy's view, "[a] necessary component to the relief sought in Declaration One is a finding that the Franchise Ordinance does not run afoul of the Contract Clause of the U.S. Constitution." *Id*. at 4. The City sees things differently. In their view, the claims presented in their complaint exclusively presents issues of state law. [R. 7 at 2-3.] They further argue that Duke Energy's reliance on the Contracts Clause is an anticipated federal defense that runs afoul of the "well-pleaded complaint" rule and thus cannot be the basis for federal jurisdiction. *Id*. at 4-7. Finally, they note that this Court cannot have supplemental jurisdiction over the remaining claims if it does not at least have original jurisdiction over at least one of the claims. *Id*. at 7-8.

## A

The statutory grant of federal-question jurisdiction does not apply to all instances where a federal question may be an "ingredient" of the action but is limited to whether a claim "arises under" federal law under the well-pleaded complaint rule. *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 807–08 (1986). Accordingly, removal based upon federal-question jurisdiction has two requirements: (1) a well-pleaded complaint and (2) a proper federal question. *See Gunn v. Minton,* 568 U.S. 251, 256-59 (2013) (establishing the bounds of federal questions that may be removable from state court); *Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009) (affirming the well-pleaded complaint rule as a distinct element necessary for removal to federal court); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312–13

(2005) (acknowledging the need for both a proper federal question and a well-pleaded complaint); *see also Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund,* 636 F.3d 538, 542 (9th Cir. 2011) ("*Grable* stands for the proposition that a state-law claim will present a justiciable federal question only if it satisfies *both* the well-pleaded complaint rule *and* passes the "implicate[s] significant federal issues" test.") (alteration and emphasis in original).

In its removal notice and its response, Duke Energy argues that federal question jurisdiction is appropriate because there is a "substantial, disputed question of federal law" at issue in this case that is "1) necessarily raised, 2) actually disputed, 3) substantial, and 4) capable of resolution in federal court without upsetting the traditional balance of state and federal judicial power." *Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 756 (E.D. Ky. 2014) (quoting *Gunn*, 568 U.S. at 258 (2013)); *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007). [R. 1 at 2; *see also* R. 9.]  Yet, as then-District Judge Thapar explained in *Dillon*, this emphasis puts the cart before the horse – the well-pleaded complaint rule must still be satisfied before the federal question door is unlocked by the substantial-federal-question doctrine.  *Dillon*, 992 F.Supp.2d at 761-64.

Admittedly, in *Mikulski* the Sixth Circuit described the substantial-federal-question doctrine as an "exception" to the well-pleaded complaint rule.  *Mikulski*, 501 F.3d at 560.  As Judge Thapar explained, however, "*Mikulski* conflated the 'well-pleaded complaint rule' with the Holmes creation test, the general rule that '[a] suit arises under the law that creates the cause of action.'"  *Dillon*, 992 F.Supp.2d at 763 (quoting *Am. Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260 (1916)).  "Thus, considering the *Mikulski* opinion as a coherent whole, the Holmes test is the most plausible reading of the Sixth Circuit's usage of the 'well-pleaded complaint rule.'"  *Id*.  And this erroneous substitution makes sense when one considers the fact

4

that the Holmes test "accounts for the vast bulk of suits that arise under federal law." *Gunn*, 568 U.S. at 257 (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 9 (1983)).

In essence, the substantial-federal-question doctrine allows for federal jurisdiction on state law claims when those state law claims depend on federal law as to one of their elements. *Mikulski*, 501 F.3d at 565 (quoting *Franchise Tax Bd.*, 463 U.S. at 13) ("[O]riginal federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law.")  Indeed, in applying *Mikulski* the Sixth Circuit noted that "[a]lthough the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows a court to look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question," thus "federal-question removal … also reaches ostensible state-law claims that (1) necessarily depend on a substantial and disputed federal issue."  *Ohio ex rel. Skaggs v. Brunner,* 549 F.3d 468, 475 (6th Cir. 2008).  In other words, step one is to look at the plaintiff's well-pleaded complaint with the substantial-federal-question doctrine being reached at step two.

"To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses."  *Mikulski*, 501 F.3d at 560 (quoting *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003)).  In applying the substantial-federal-question doctrine, courts have repeatedly held that the doctrine does not permit jurisdiction based on issues raised in defenses.  *See Brunner,* 549 F.3d at 474–76 ("the issue-preclusive shadow cast by a prior federal decision is an affirmative defense, not an ingredient of the claimants' claim, and as such it cannot convert a state-law claim into a federal one"); *Devon Energy Prod.*

5

*Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1208-12 (10th Cir. 2012) (rejecting application of substantial-federal-question doctrine to defenses); *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 140 n. 4 (2d Cir. 2012) (reaching the same conclusion because issues raised in defenses are "not necessarily raised by the [plaintiffs'] affirmative claims"). And those Courts reached their conclusions after carefully considering *Grable* itself. In *Devon* the Court carefully noted that in *Grable* the Plaintiff's claims, even though created by state law, required the interpretation of the federal tax statute's notice provision in order for the Plaintiff to establish the superiority of its title. *Devon*, 693 F.3d at 1210-11 (citing *Grable*, 545 U.S. at 314-15). Thus, even the case that was the genesis of the substantial-federal-question doctrine did not itself fall afoul of the well-pleaded complaint rule.

In this case, the City argues that "Duke Energy's assertion that the Contract Clause confers federal jurisdiction misunderstands the scope of the well-pleaded complaint rule" because Duke Energy's contention that its perpetual franchise rights are protected by the Contract Clause "amounts to a defense that does not establish a substantial federal question." [R. 7 at 4.] They are right. The posture of this case is rather odd, with the City taking the initiative in seeking a declaratory judgment rather than Duke Energy seeking to prevent or remedy enforcement action taken by the City to effectuate its ordinance. [R. 1-1.] Unfortunately for Duke Energy, this makes all the difference.

The only invocation of the Contracts Clause is as a defense by Duke Energy to protect its perpetual franchise rights from extinguishment. The validity of the ordinance itself depends entirely on the Kentucky State Constitution and Kentucky statutes governing municipal franchises. To hold otherwise based on the tangential and limited presence of a federal issue would practically result in almost every state law or state issue landing in federal court due to the

now widespread scope of federal law. *Grable* exemplified a "slim category" of cases and "it takes more than a federal element 'to open the 'arising under' door.'" *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).

The Court is convinced that the City's well-pleaded complaint does not contain a federal issue on its face, and that Duke Energy's reference to the Contract Clause is merely a possible or anticipated defense. But the Court will, in the interest of thoroughness, consider the *Grable* factors as the parties have disputed them, assuming *arguendo* that the well-pleaded complaint rule was satisfied. Ultimately, several of the factors also cut against the Court having jurisdiction in this case.

**1**

The first prong under *Grable* is that the federal issue must be "necessarily raised." *Gunn*, 568 U.S. at 258 (citing *Grable*, 545 U.S. at 313-14). In Duke Energy's view,

> a disposition of Declaration One in favor of the City necessarily requires a finding that the Franchise Ordinance complies with the Contract Clause of the U.S. Constitution because either (1) the Perpetual Franchise was somehow extinguished in an 1884 corporate consolidation, meaning Duke Energy's contractual rights in the City of Covington are no longer valid and Duke Energy must comply with the terms of the Franchise Ordinance; or (2) if not extinguished, the Franchise Ordinance does not interfere with the contractual rights granted to Duke Energy through the Perpetual Franchise.

[R. 9 at 5.] The City does not provide much argument itself on this prong, as it appears to have heavily focused on its well-pleaded complaint argument (which admittedly often appears to overlap with this prong). [R. 7 at 5-6.] At the risk of sounding like a broken record, a defense does not necessarily raise federal issues. The focus here is on the City's claim and what the City is seeking, which does not necessarily raise a federal issue in this case. As Duke Energy itself points out, the case could be resolved by determining that "the Perpetual Franchise was somehow extinguished in an 1884 corporate consolidation, meaning Duke Energy's contractual

rights in the City of Covington are no longer valid and Duke Energy must comply with the terms of the Franchise Ordinance."  [R. 9 at 5.]  Here Duke Energy refers to *Shaw v. City of Covington*, 194 U.S. 593 (1904), a Supreme Court case that the City relies on its complaint to suggest that Duke Energy's perpetual franchise was extinguished many years ago during the lifetime of one of its corporate ancestors.  [R. 1-1 at 5-10.]

     Even at a glance this suggests a path forward in the case that does not require a court to examine the interaction between the Contract Clause and the City's ordinance.  Contrary to Duke Energy's assertion that this is merely "an alternative set of unsupported assertions labeled as "facts" that, in turn, relies upon an improper interpretation of the Supreme Court's opinion in *Shaw*," [R. 9 at 10], the Court finds that *Shaw* is clear enough on the matter that no federal issue is necessarily raised.[1]  "[T]here is no federal question jurisdiction when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does not involve a federal question."  *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 760 (6th Cir. 2000) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809-10 (1988)).  The City presents just such an alternative here, with its theory that analysis of Ky. Const. §§ 163 and 164 and KRS Ch. 96 can resolve this case in light of *Shaw*.

     In *Shaw*, the Supreme Court held that the Covington Electric Light Company lost its exclusive electric franchise when it consolidated with other companies in 1894.  *Shaw*, 194 U.S. at 600.  It reasoned, looking to the then applicable Kentucky statutes, that a successor company could "claim the franchises and privileges of its constituent companies by succession, only under

---

[1] Duke Energy presents their arguments on *Shaw* in the context of the second *Grable* prong, whether the federal issue is actually disputed.  [R. 9 at 9-10.]  For simplicity's sake the Court combines its consideration of these prongs as the analysis bleeds together when discussing the consequences of *Shaw*.

the words 'property,' or 'assets and effects,' if at all." *Id*. at 597.  The *Shaw* Court further

explained that "the meagre words used in describing the rights of the new company" did not

sweep in the privileges enjoyed by the company's predecessors.  *Id*. at 599-600.  Charting the

corporate generations through the years, Covington argues that this decision means Duke Energy

could not have inherited the perpetual franchise it now relies on.  [R. 1-1 at 7.]  *Shaw* relied on

interpretations of Kentucky law in reaching its decision and noted that if "the action of the

municipality is sanctioned by the state…the state must be taken to have exercised its reserved

right to repeal its grant to that extent[.]"  *Id*. at 596-97.

    The Court does not weigh in on the effects of *Shaw* on this case directly, but there is at

least one theory of this case that does not at all involve the application of the Contract Clause.  It

cannot therefore be said that a federal issue is necessarily raised, even if it will actually be

disputed should it arise amidst the various other theories of this case.

## 2

    Next the Court considers whether, under the third *Grable* factor, the federal issue in this

case is "substantial." Under *Mikulski*, the following four factors guide this determination:

> (1) whether the case includes a federal agency, and particularly, whether the
> agency's compliance with the federal statute is in dispute; (2) whether the federal
> question is important (i.e., not trivial); (3) whether a decision on the federal
> question will resolve the case (i.e., the federal question is not merely incidental to
> the outcome); and (4) whether a decision as to the federal question will control
> numerous other cases (i.e., the issue is not anomalous or isolated).

*Mikulski*, 501 F.3d at 570.  The Court considers these factors in aggregate and no one factor

controls the outcome of the analysis.  *Id*.  No federal agency is involved in this case, but the

parties vigorously dispute the remaining factors.  In the City's view, this is a "typical state-law

property issue" and is therefore "a localized matter with no broader federal implications."  [R. 7

at 6.]  They further emphasize, consistent with their alternative theories argument, that the

federal question here would be, at most, "tangentially implicated" the case. *Id*. By contrast, Duke Energy argues that the issue is "[w]hether a city can enact an ordinance that impairs state-granted contractual rights" and thus is "by no stretch a trivial issue." [R. 9 at 11.] Duke Energy contends, consistent with their "necessarily raises" argument, that "a finding that the Franchise Ordinance violates the Contract Clause unquestionably dispenses with the relief requested in Declaration One" and will thus resolve the case. *Id*. Lastly, they see this case as likely to impact numerous other cases that "concern[] the dynamic between perpetual franchise rights and subsequent city ordinances." *Id*.

The Court thinks, especially in light of its prior analysis, that the City's characterization of this action is a better fit. There is a very substantial likelihood that this case revolves around Kentucky property and corporate law, not the federal Constitution. While the issue as posed by Duke Energy would be important, insofar as it applies to this case the federal question very much appears to be incidental to the outcome. Whether the federal Constitution's Contract Clause allows a city to enact an ordinance that impairs state-granted contractual rights does not seem likely to be resolved on the facts of this case, even if answering that question could control a number of other cases should the issue actually arise. But this Court is likely only to hear Kentucky cases considering issues similar to those considered in *Shaw*, ameliorating this as a broader concern. Aggregating the pieces, the factors determining whether the federal issue in this case is substantial pull in both directions. Mindful of the fact that "state courts are generally presumed competent to interpret and apply federal law," that any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court, and that *Grable* exemplified a "slim category" of cases, the Court ultimately thinks the federal issue *in this case* is likely not substantial. *Mikulski*, 501 F.3d at 560 (citing *Zwickler v. Koota,* 389 U.S. 241, 245

(1967); *Shamrock Oil*, 313 U.S. at 108–09; *Empire*, 547 U.S. at 701.

**3**

Finally, the Court considers the last *Grable* factor, whether the federal issue is capable of resolution in federal court without disrupting the federal-state balance approved by Congress.  In addressing this factor, courts first look to whether Congress has provided a federal cause of action for the issue.  *Mikulski*, 501 F.3d at 573.  Courts also consider "the risk of upsetting the intended balance by opening the federal courts to an undesirable quantity of litigation."  *Id.*  In assessing this risk, the *Mikulski* court asked "what cases would be analogous and how many would there be[?]"  *Id.*  The City contends that exercising jurisdiction here would upset the federal-state balance because it would "[f]ederaliz[e]a dispute over a Kentucky municipal ordinance" and "improperly draw state-law matters into federal court, undermining long-standing principles of comity."  [R. 7 at 7.]  Duke Energy argues there will be few analogous cases as this case is "sufficiently unique" and there is "no true risk that jurisdiction will 'open the proverbial floodgates to similar litigation.'"  [R. 9 at 13 (quoting *Coventry Health Care, Inc. v. Caremark, Inc.*, 705 F. Supp. 2d 921, 931 (M.D. Tenn. 2010)).]

Typically, plaintiffs may bring suits alleging violations of their Constitutional rights under 42 U.S.C. § 1983.  However, the Sixth Circuit has held that § 1983 does not provide a cause of action for Contracts Clause violations.  *Kaminski v. Coulter*, 865 F.3d 339, 345-47 (6th Cir. 2017).  The *Kaminski* decision noted that the remedy for a Contracts Clause violation is not "a private cause of action against the state official responsible for the contractual impairment, but rather 'a right to have a judicial determination declaring the nullity of the attempt to impair its obligation' in a suit 'to vindicate his rights under a contract.'"  *Id.* at 346 (quoting *Carter v. Greenhow*, 114 U.S. 317, 322 (1885)).  The Sixth Circuit noted that *Carter* is in tension

11

with *Dennis v. Higgins*, 498 U.S. 439 (1991), but reached its decision on the "time-honored principle that 'it is [the Supreme Court's] prerogative alone to overrule one of its precedents.'" *Kaminski*, 865 F.3d at 347 (quoting *State Oil Co. v. Khan*, 522 U.S. 3 (1997)). That Contract Clause rights are therefore vindicated under state law claims counsels against exercising jurisdiction.[2]

The presence of multiple cases from Kentucky alone, *see Mediacom Southeast LLC v. BellSouth Telcoms.*, *Inc.*, 672 F.23d 396 (6th Cir. 2012) and *Lexington-Fayette Urban County Gov't v. BellSouth Telcoms., Inc.*, 14 Fed. Appx. 636, 638 (6th Cir. 2001), in recent years belies Duke Energy's assertion that there is no risk exercising jurisdiction here will open the floodgates of litigation. On the contrary, exercising jurisdiction would seem to permit any state law utility franchise-related action, and indeed any action touching on a state government contract, to worm its way into federal court. With no federal cause of action for Contract Clause violations available, allowing myriad state law claims tangentially touching upon Contract Clause issues into federal court would certainly "disrupt the congressionally approved balance of federal and state judicial responsibilities." *Mikulski*, 501 F.3d at 573.

### III

The well-pleaded complaint rule retains considerable vitality and applies even when a party invokes the substantial-federal-question doctrine in order to remove a case to federal court.

---

[2] While not fitting cleanly into any of the *Grable* factors, the Court notes that the recent Sixth Circuit cases dealing with similar state-issued utility franchise rights which Duke Energy cites, *Mediacom Southeast LLC v. BellSouth Telcoms.*, *Inc.*, 672 F.23d 396 (6th Cir. 2012) and *Lexington-Fayette Urban County Gov't v. BellSouth Telcoms., Inc.*, 14 Fed. Appx. 636, 638 (6th Cir. 2001), were in federal court on the basis of diversity jurisdiction, not federal question jurisdiction. *See Mediacom Southeast LLC v. BellSouth Telcoms., Inc.*, 5:09-cv-00214-TBR (W.D. Ky. 2009) at [R. 1.] This reinforces both the Court's overall conclusion as well as its determination that Congress has not provided a federal cause of action for such issues.

That rule is not satisfied here, as Duke Energy's reliance on the Contract Clause is merely an anticipated defense, not an element of the City of Covington's claims. Furthermore, the Court has determined, even analyzing the *Grable* factors separately from the well-pleaded complaint rule, that Duke Energy cannot show that a federal issue is necessarily raised in this case nor that it would be substantial (assuming it were to ultimately be present at all). And opening the courthouse doors based on the passing federal defense Duke Energy raises in this case would upset the Congressionally approved state-federal balance in light of the fact that there is no federally recognized cause of action for Contracts Clause violations. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The City of Covington's Motion to Remand **[R. 7]** is **GRANTED**;

2. All pending motions are **DENIED AS MOOT**; and

3. This matter is **REMANDED** to Franklin Circuit Court for all future proceedings.

This the 5th day of June, 2025.

Gregory F. Van Tatenhove
United States District Judge